Lindsay G. Leavitt — 029110
Lleavitt@jsslaw.com
Haley A. Harrigan — 032620
hharrigan@jsslaw.com
Dina G. Aouad – 036249
daouad@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, d/b/a Reliance Hotel Group, a Delaware limited liability company, | No. |
| | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| 2930 Waterfront Parkway IN, LLC, d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree; 101 Mall Boulevard Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street, Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks, | |
| Defendants. | |

Plaintiff Reliance Hospitality, LLC ("Reliance") for its Complaint against 2930 Waterfront Parkway IN, LLC d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner, LLC d/b/a Doubletree by Hilton Pittsburgh-Green Tree; 101 Mall Boulevard Owner, LLC

8689012v1(70681.5)

d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks (collectively "Defendants"), alleges as follows:

## INTRODUCTION

1. This action arose when Defendants materially breached their hotel management agreements with Reliance causing Reliance to incur substantial financial damages.

## PARTIES AND JURISDICTION

2. Reliance is a Delaware limited liability company with corporate headquarters in Phoenix, Arizona, and primarily conducts its business in Phoenix, Arizona.

3. Reliance is a hotel management company.

4. Reliance has three members, all of whom are natural persons and citizens of Arizona.

5. Defendant 2930 Waterfront Parkway IN, LLC ("2930 Waterfront") is an Indiana limited liability company, and is the owner of the hotel known as the Waterfront Hotel & Convention Center, located at 2930 Waterfront Parkway West Drive, Indianapolis, Indiana 46214.

6. 2930 Waterfront's members are limited liability companies, the member of which are natural persons who are citizens of Israel and New York.

7. Defendant Crown South Hill Owners LLC ("Crown South Hill") is a Delaware limited liability company and is the owner of the hotel known as the Crowne Plaza Pittsburgh South, located at 164 Fort Couch Road, Pittsburgh, Pennsylvania 15241.

8. Crown South Hill's members are limited liability companies, the members of which are natural persons who are citizens of New York. In a recent separate court filing, Crown South Hill has asserted that it is a citizen of New York.

9. Defendant 500 Mansfield Avenue Owner, LLC ("500 Mansfield") is a Pennsylvania limited liability company, and is the owner of the hotel known as the Doubletree by Hilton-Pittsburgh-Green Tree, located at 500 Mansfield Avenue, Pittsburgh,

2

Pennsylvania 15205.

10.     500 Mansfield's members are limited liability companies, the members of which are natural persons who are citizens of New York. In a separate recent court filing, 500 Mansfield has asserted that it is a citizen of New York.

11.     Defendant 101 Mall Boulevard Owner LLC ("101 Mall") is a Pennsylvania limited liability company, and is the owner of the hotel known as the Doubletree by Hilton Pittsburgh-Monroeville Convention Center, located at 101 Mall Boulevard, Monroeville, Pennsylvania 15146.

12.     101 Mall's members are limited liability companies, the members of which are natural persons who are citizens of Israel and New York. In a separate, recent court filing, 101 Mall asserted that it was a citizen of New York.

13.     Defendant 383 South Center Street Windsor Locks, LLC ("383 South Center") is a Connecticut limited liability company, and is the owner of the hotel known as the Ramada by Wyndham Windsor Locks, located at 383 S. Center Street, Windsor Locks, Connecticut 06096.

14.     383 South Center's members are limited liability companies, the members of which are natural persons who are citizens of New York. In a recent, separate court filing, 383 South Center asserted that it was a citizen of New York.

15.     Upon information and belief, Defendants share common ownership and are all represented by the same legal counsel.

16.     Reliance managed the Defendants' hotels pursuant to separately executed hotel management agreements (the "Agreements"). The Agreements provided that any disputes arising from the Agreements would be governed by Arizona law.

17.     Defendants knew that they were entering into each Agreement with Reliance, a Scottsdale, Arizona-based entity.

18.     The Agreements involved Defendants' continuous collaboration with Reliance and utilization of Reliance's resources located in Arizona, among other states.

19.     The Agreements additionally provided the prospect for renewal, and thus

3

8689012v1(70681.5)

contemplated a long-term relationship between the parties.

20.    Defendants also mailed or wired payments to Reliance's headquarters in Scottsdale, Arizona pursuant to the Agreements.

21.    Defendants have further purposefully availed themselves of this Court by recently attempting to file a legal claim seeking affirmative relief against Reliance in Arizona in Case No. CV-22-00149-TUC-JAS-MSA for a dispute arising out of the same common nucleus of operative facts, and thus Defendants have purposefully availed themselves of the Courts in Arizona and are therefore subject the jurisdiction of this Court.

22.    Jurisdiction and venue are moreover proper in this Court because there is complete diversity of citizenship between Reliance and the Defendants and the amount in dispute exceeds $75,000.00.

## FACTUAL BACKGROUND

### The Agreements

23.    The Agreements provide that Reliance was to provide hotel management services to each of the Defendants' five hotels.

24.    Reliance's contractual duties were to "direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner…and to determine and administer the programs and policies to be followed in connection therewith."

25.    Pursuant to the Agreements, the Defendants were required to reimburse Reliance for all Operating Expenses incurred by Reliance on behalf of the Defendants, which includes, but is not limited to, employee salaries, payroll taxes, fringe benefits under the Benefit Plans, as well as any other expenses, debts, liabilities and obligations incurred by reason of Reliance's management, supervisions and operation of the respective hotel properties.

26.    When it comes to payroll and other employee benefits, Defendants were contractually required to "deposit into the Operating Account…the salary, payroll taxes and fringe benefits under the Benefit Plans at least seven (7) days prior to [Reliance's] payroll date."

4

8689012v1(70681.5)

27.     The Agreements provide that Defendants were to compensate Reliance for its hotel management services in the form of a monthly management fee.

28.     The Agreements provide that if a "Termination Event" occurs, the non-defaulting party may terminate the Agreement by written notice to the defaulting party.

29.     The Agreements further provide that a "Termination Event" shall mean, among other things, (a) the failure by either party to pay the other party any sums as and when they become due hereunder and such failure shall continue for ten (10) days after notice of the failure has been given to the party who has failed to pay these sums; or (b) the failure by either party to keep, observe, or perform any material representation, warranty, covenant, agreement, term, condition, or provision of this agreement without reasonable attempt by either party to cure said failure.

30.     Defendants breached the Agreements by, among other things, failing to adequately fund the hotels' operations, including payroll, benefits, taxes, premiums, and other operating expenses that were required under the Agreements.

31.     Defendants' failure to adequately fund the hotels' operations caused Reliance to make out-of-pocket payments and incur liabilities exceeding $600,000.00.

32.     Defendants have failed to cure their defaults under the Agreements, despite being given notice and opportunity to do so.

33.     In addition, Defendants 383 South Center and 101 Mall wrongfully terminated their management agreements with Reliance, triggering liquidated damages exceeding $275,000.00.

## COUNT I
### BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: 2930 Waterfront Parkway IN, LLC

34.     Reliance hereby incorporates all preceding paragraphs by reference.

35.     Reliance and 2930 Waterfront entered into an enforceable hotel management agreement.

36.     Every contract governed by Arizona law contains a covenant of good faith and fair dealing.

5

8689012v1(70681.5)

37.     2930 Waterfront breached its agreement with Reliance by, among other things, failing to adequately fund payroll, failing to pay workers' compensation premiums, failing to pay health insurance premiums, failing to pay Reliance's management fees, and failing to pay the hotel's vendors.

38.     2930 Waterfront breached the covenant of good faith and fair dealing by acting in a manner that deprived Reliance of the expected benefits of the hotel management agreement.

39.     2930 Waterfront's breaches caused Reliance to suffer economic damages.

40.     Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## COUNT II
### BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: Crown South Hill Owners, LLC

41.     Reliance hereby incorporates all preceding paragraphs by reference.

42.     Reliance and Crown South Hill entered into an enforceable hotel management agreement.

43.     Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

44.     Crown South Hill breached its agreement with Reliance by, among other things, failing to pay health insurance premiums for the hotel's employees.

45.     Crown South Hill breached the implied covenant of good faith and fair dealing by acting in a manner that deprived Reliance of the expected benefits of the hotel management agreement.

46.     Crown South Hill's breaches caused Reliance to suffer economic damages.

47.     Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## COUNT III
### BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: 500 Mansfield Avenue Owner, LLC

48.     Reliance hereby incorporates all preceding paragraphs by reference.

8689012v1(70681.5)

49. Reliance and 500 Mansfield entered into an enforceable hotel management agreement.

50. Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

51. 500 Mansfield breached its agreement with Reliance by, among other things, failing to pay health insurance premiums for the hotel's employees.

52. 500 Mansfield breached the covenant of good faith and fair dealing by acting in a manner that deprived Reliance of the expected benefits of the hotel management agreement.

53. 500 Mansfield's breach caused Reliance to incur economic damages.

54. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## COUNT IV
### BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: 101 Mall Boulevard Owners, LLC

55. Reliance hereby incorporates all preceding paragraphs by reference.

56. Reliance and 101 Mall entered into an enforceable hotel management agreement.

57. Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

58. 101 Mall breached its agreement with Reliance by, among other things, failing to fund payroll, failing to pay workers' compensation premiums, failing to pay health insurance premiums, and failing to pay liquidated damages.

59. 101 Mall breached the covenant of good faith and fair dealing by acting in a manner that deprived Reliance of the expected benefits of the hotel management agreement.

60. 101 Mall's breach caused Reliance to suffer economic damages.

61. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

8689012v1(70681.5)

## COUNT V

### BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: 383 South Center St. Windsor Locks, LLC

62.     Reliance hereby incorporates all preceding paragraphs by reference.

63.     Reliance and 383 South Center entered into an enforceable hotel management agreement.

64.     Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

65.     383 South Center breached its agreement with Reliance by, among other things, failing to fund payroll, failing to pay health insurance benefit premiums, and failing to pay liquidated damages.

66.     383 South Center breached the covenant of good faith and fair dealing by acting in a manner that deprived Reliance of the expected benefits of the hotel management agreement.

67.     383 South Center's breach caused Reliance to suffer economic damages.

68.     Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Reliance prays for the following relief against Defendants as follows:

A.     That judgment be entered in favor of Reliance against Defendants;

B.     For such compensatory, general, consequential, and liquidated damages as have been alleged above and which will be more specifically set forth at the time of trial;

C.     For Reliance's attorneys' fees and costs pursuant to Arizona law, including but not limited to A.R.S. §§ 12-341 and 12-341.01.

D.     For pre- and post-judgment interest at the highest rate allowed by law; and For such other and further relief as this Court may deem just and proper.

8

8689012v1(70681.5)

DATED this 3rd day of February, 2023.

JENNINGS, STROUSS & SALMON, P.L.C.

By  */s/Lindsay G. Leavitt*
    Lindsay G. Leavitt
    Haley A. Harrigan
    Dina G. Aouad
    One East Washington Street, Suite 1900
    Phoenix, Arizona 85004-2554
    *Attorneys for Plaintiffs*

8689012v1(70681.5)