Lindsay G. Leavitt — 029110
Lleavitt@jsslaw.com
Haley A. Harrigan — 032620
hharrigan@jsslaw.com
Dina G. Aouad – 036249
daouad@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Plaintiff & Counterclaim-*
*Defendant Reliance Hospitality LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, d/b/a Reliance Hotel Group, a Delaware limited liability company, | No. No. CV-23-00229-PHX-DJH |
| Plaintiff, | **PLAINTIFF'S ANSWER TO COUNTERCLAIMS** |
| vs. | |
| 2930 Waterfront Parkway IN, LLC, d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree; 101 Mall Boulevard Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street, Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks, | |
| Defendants. | |
| 2930 Waterfront Parkway IN, LLC, d/b/a Waterfront Hotel & Conference Center; Crown South Hill Owners LLC, d/b/a Crowne Plaza Pittsburgh South; 500 Mansfield Avenue Owner LLC, d/b/a Doubletree by Hilton Pittsburgh-Green Tree; 101 Mall Boulevard Owner LLC, | |

d/b/a Doubletree by Hilton Pittsburgh-Monroeville Convention Center; and 383 South Center Street, Windsor Locks, LLC d/b/a Ramada by Wyndham Windsor Locks,

Counterclaim-Plaintiffs,

vs.

Reliance Hospitality LLC, d/b/a Reliance Hotel Group,

Counterclaim-Defendant.

Plaintiff/Counterclaim-Defendant Reliance Hospitality LLC, d/b/a Reliance Hotel Group ("Reliance"), hereby answers Defendants/Counterclaim-Plaintiffs' Counterclaim as follows:

## NATURE OF ACTION

1. Reliance denies the allegations of Paragraph 1 of the Counterclaim.

2. Answering the allegations of Paragraph 2 of the Counterclaim, Reliance admits only that Reliance entered into hotel management agreements with Counterclaim Plaintiffs between September 2019 and August 2021, such as the Stay Tucson Inn and Suites in Tucson, Arizona (the "Stay Tucson Hotel"), the Waterfront Hotel & Conference Center in Indianapolis, Indiana (the "Waterfront Hotel"), and the Crowne Plaza Pittsburgh South in Pittsburgh, Pennsylvania (the "Crowne Plaza Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 2 of the Counterclaim and therefore denies same.

3. Reliance denies the allegations of Paragraph 3 of the Counterclaim.

4. Reliance denies the allegations of Paragraph 4 of the Counterclaim.

5. Reliance denies the allegations of Paragraph 5 of the Counterclaim.

## THE PARTIES

6. Answering the allegations of Paragraph 6 of the Counterclaim, Reliance admits only that 2930 Waterfront was an Indiana limited liability company that owned the Waterfront Hotel located at 2930 Waterfront Parkway West Drive, Indianapolis, Indiana

2

46214. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 6 of the Counterclaim and therefore denies same.

7. Answering the allegations of Paragraph 7 of the Counterclaim, Reliance admits only that Crown South is a Delaware limited liability company and that, on information and belief, the Crowne Plaza Hotel located at 164 Fort Couch Road, Pittsburgh, Pennsylvania 15241 is owned by Crown South-Hills Owner LLC. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 7 of the Counterclaim and therefore denies same.

8. Answering the allegations of Paragraph 8 of the Counterclaim, Reliance admits only that 500 Mansfield is a Pennsylvania limited liability company that owns a property identified as the Doubletree by Hilton Hotel Pittsburgh-Green Tree, located at 500 Mansfield Avenue, Pittsburgh, Pennsylvania 15205 (the "Green Tree Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 8 of the Counterclaim and therefore denies same.

9. Answering the allegations of Paragraph 9 of the Counterclaim, Reliance admits only that 101 Mall is a Pennsylvania limited liability company and that, on information and belief, the property identified as the Doubletree by Hilton Pittsburgh-Monroeville Convention Center located at 101 Mall Blvd., Monroeville, Pennsylvania 15146 (the "Monroeville Hotel") is owned by 101 Monroeville Boulevard Owner LLC. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 9 of the Counterclaim and therefore denies same.

10. Answering the allegations of Paragraph 10 of the Counterclaim, Reliance admits only that 383 South Center is a Connecticut limited liability company that owns a property identified as the Ramada by Wyndham Windsor Locks hotel located at 383 South Center Street, Windsor Locks, Connecticut 06096 (the "Windsor Locks Hotel"). Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 10 of the Counterclaim and therefore denies same.

11. Answering the allegations of Paragraph 11 of the Counterclaim, Reliance

3

admits only that it is a Delaware limited liability company with headquarters in Phoenix, Arizona, and with one member who is a natural person with an address in Arizona.

## JURISDICTION AND VENUE

12. Answering the allegations of Paragraph 12 of the Counterclaim, Reliance admits only that jurisdiction is appropriate. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 12 of the Counterclaim and therefore denies same.

13. Answering the allegations of Paragraph 13 of the Counterclaim, Reliance admits only that it jurisdiction and venue are appropriate. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 13 of the Counterclaim and therefore denies same.

## FACTUAL ALLEGATIONS

**A.     The Owners Execute Hotel Management Agreements With Reliance**

14. Answering the allegations of Paragraph 14 of the Counterclaim, Reliance admits only that Counterclaim Plaintiffs appear to have quoted from Reliance's webpage and denies any allegations of liability or wrongdoing, express or implied.

15. Answering the allegations of Paragraph 15 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs entered into hotel management agreements with Reliance. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 15 of the Counterclaim and therefore denies same.

16. Answering the allegations of Paragraph 16 of the Counterclaim, Reliance admits only that 383 South Center entered into a hotel management agreement with Reliance dated December 17, 2019, regarding the Windsor Locks Hotel (the "Windsor Locks HMA"), and that Exhibit A to the Counterclaim appears to be a copy of the Windsor Locks HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 16 of the Counterclaim and therefore denies same.

4

17. Answering the allegations of Paragraph 17 of the Counterclaim, Reliance admits only that 101 Mall entered into a hotel management agreement with Reliance dated January 15, 2020, regarding the Monroeville Hotel (the "Monroeville HMA"), and that Exhibit B to the Counterclaim appears to be a copy of the Monroeville HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 17 of the Counterclaim and therefore denies same.

18. Answering the allegations of Paragraph 18 of the Counterclaim, Reliance admits only that 2930 Waterfront entered into a hotel management agreement with Reliance dated June 25, 2020, regarding the Waterfront Hotel (the "Waterfront HMA"), and that Exhibit C to the Counterclaim appears to be a copy of the Waterfront HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 18 of the Counterclaim and therefore denies same.

19. Answering the allegations of Paragraph 19 of the Counterclaim, Reliance admits only that 500 Mansfield entered into a hotel management agreement with Reliance dated June 21, 2021, regarding the Green Tree Hotel (the "Green Tree HMA"), and that Exhibit D to the Counterclaim appears to be a copy of the Green Tree HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 19 of the Counterclaim and therefore denies same.

20. Answering the allegations of Paragraph 20 of the Counterclaim, Reliance admits only that Crown South entered into a hotel management agreement with Reliance dated August 4, 2021, regarding the Crowne Plaza Hotel (the "Crowne Plaza HMA"), and that Exhibit E to the Counterclaim appears to be a copy of the Crowne Plaza HMA. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 20 of the Counterclaim and therefore denies same.

21. Answering the allegations of Paragraph 21 of the Counterclaim, Reliance admits only that the Windsor Locks HMA, the Monroeville HMA, the Waterfront HMA, the Green Tree HMA, and the Crowne Plaza HMA (collectively, the "HMAs") contain many similar provisions, terms, and conditions.

5

22. Answering the allegations of Paragraph 22 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

23. Answering the allegations of Paragraph 23 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 23 of the Counterclaim and therefore denies same.

24. Answering the allegations of Paragraph 24 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(a) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

25. Answering the allegations of Paragraph 25 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted from section 1.1(f) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

26. Answering the allegations of Paragraph 26 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(j) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

27. Answering the allegations of Paragraph 27 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(k) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or

6

implied.

28.     Answering the allegations of Paragraph 28 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(n) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

29.     Answering the allegations of Paragraph 29 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(o) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

30.     Answering the allegations of Paragraph 30 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.1(p) of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

31.     Answering the allegations of Paragraph 31 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 1.2 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

32.     Answering the allegations of Paragraph 32 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 6.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

33.     Answering the allegations of Paragraph 33 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 6.1 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

7

34. Answering the allegations of Paragraph 34 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 6.2 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

35. Answering the allegations of Paragraph 35 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 6.4 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

36. Answering the allegations of Paragraph 36 of the Counterclaim, Reliance admits only that section 7.1 of the HMAs describes certain management fees that Counterclaim-Plaintiffs owed to Reliance, that such management fees varied under each HMA, and that the statement and section 7.1 of the HMAs must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 36 of the Counterclaim and therefore denies same.

37. Answering the allegations of Paragraph 37 of the Counterclaim, Reliance admits only that sections 2.1, 2.2, 9.1, and 9.2 of the HMAs set forth: that each HMA was in effect for an initial three-year term that automatically renewed unless elected not to renew; that either party could terminate an HMA effective immediately by reason of the other party's gross negligence, willful misconduct, or fraud; and bases for other "Termination Events." Reliance asserts that only the Green Tree and Crown Plaza HMAs contain section 2.3, which sets forth, among other things, that those HMAs could be cancelled upon thirty (30) days' notice. Reliance asserts that these statements must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 37 of the Counterclaim and therefore denies same.

8

38. Answering the allegations of Paragraph 38 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 9.6 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 38 of the Counterclaim and therefore denies same.

39. Answering the allegations of Paragraph 39 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 9.7 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 39 of the Counterclaim and therefore denies same.

40. Answering the allegations of Paragraph 40 of the Counterclaim, Reliance admits only that Counterclaim-Plaintiffs have quoted part of section 13.2 of the HMAs and asserts that the statement must be read and understood in connection with the entirety of each HMA. Reliance denies any allegations of liability or wrongdoing, express or implied.

41. Answering the allegations of Paragraph 41 of the Counterclaim, Reliance admits only that section 14.7 of the HMAs provides that any disputes arising from the HMAs shall be governed by, construed, and enforced in accordance with Arizona law.

**B.** **Reliance Breaches the HMAs By Grossly and Negligently Mismanaging the Owners**

42. Answering the allegations of Paragraph 42 of the Counterclaim, Reliance admits only that the COVID-19 pandemic occurred during the effective periods of the HMAs. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 42 of the Counterclaim and therefore denies same.

43. Reliance denies the allegations of Paragraph 46 of the Counterclaim.

9

### i. Reliance Breaches the 500 Mansfield HMA at the Doubletree by Hilton Pittsburgh-Green Tree in Pittsburgh, Pennsylvania

44. Answering the allegations of Paragraph 44 of the Counterclaim, Reliance admits only that it was asked to work with a law firm to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 44 of the Counterclaim and therefore denies same.

45. Answering the allegations of Paragraph 45 of the Counterclaim, Reliance admits only that it was asked to work with a law firm to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 45 of the Counterclaim and therefore denies same.

46. Reliance denies the allegations of Paragraph 46 of the Counterclaim.

47. Reliance denies the allegations of Paragraph 47 of the Counterclaim.

48. Reliance denies the allegations of Paragraph 48 of the Counterclaim.

49. Answering the allegations of Paragraph 49 of the Counterclaim, Reliance admits only that 500 Mansfield stopped paying for the existing liquor license, and has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 49 of the Counterclaim and therefore denies same.

50. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 50 of the Counterclaim and therefore denies same.

51. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 51 of the Counterclaim and therefore denies same.

52. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 52 of the Counterclaim and therefore denies same.

53. Reliance denies the allegation of Paragraph 53 of the Counterclaim related to the alleged failure to timely provide profit-and-loss statements. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of

10

Paragraph 53 of the Counterclaim and therefore denies same.

54. Answering the allegations of paragraph 54 of the Counterclaim, Reliance admits only that, on information and belief, a representative of 500 Mansfield showed up at the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 54 of the Counterclaim and therefore denies same.

55. Reliance denies the allegations of Paragraph 55 of the Counterclaim.

56. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 56 of the Counterclaim and therefore denies same.

57. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 57 of the Counterclaim and therefore denies same.

58. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 58 of the Counterclaim and therefore denies same.

### ii. **Reliance Breaches the 101 Mall HMA at the Doubletree by Hilton Pittsburgh-Monroeville Convention Center in Monroeville, Pennsylvania**

59. Answering the allegations of Paragraph 59 of the Counterclaim, Reliance admits only that the Monroeville Hotel had multiple managers between July 2021 and September 2021 and denies the remaining allegations.

60. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 60 of the Counterclaim and therefore denies same.

61. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 61 of the Counterclaim and therefore denies same.

62. Answering the allegations of Paragraph 62 of the Counterclaim, Reliance admits only that it was asked to assist with obtaining a liquor license for the Monroeville Hotel and denies the remaining allegations.

63. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 63 of the Counterclaim and therefore denies same.

64. Reliance denies the allegations of Paragraph 64 of the Counterclaim.

11

### iii. Reliance Breaches the 2930 Waterfront HMA at the Waterfront Hotel & Conference Center in Indianapolis, Indiana

65. Reliance denies the allegations of paragraph 68 of the Counterclaim.

66. Reliance denies the allegations of paragraph 69 of the Counterclaim.

67. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 70 of the Counterclaim and therefore denies same.

68. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 71 of the Counterclaim and therefore denies same.

69. Answering the allegations of paragraph 72 of the Counterclaim, Reliance admits only that 2930 Waterfront was aware of the need to address issues with the fire panel at the Waterfront Hotel and denies any allegations of liability or wrongdoing, express or implied. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 73 of the Counterclaim and therefore denies same.

70. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of paragraph 73 of the Counterclaim concerning 2930 Waterfront's knowledge and actions and therefore denies same. Reliance denies the remaining allegations of paragraph 73 of the Counterclaim, and denies any allegations of liability or wrongdoing, express or implied.

### iv. Reliance Breaches the 383 South Center HMA at the Ramada by Wyndham Windsor Locks in Windsor Locks, Connecticut

71. Reliance denies the allegations of Paragraph 71 of the Counterclaim.

72. Answering the allegations of Paragraph 72 of the Counterclaim, Reliance admits only that an associate was terminated for collecting money from hotel clients. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 75 of the Counterclaim and therefore denies same.

73. Reliance denies the allegations of Paragraph 73 of the Counterclaim.

74. Reliance denies the allegations of Paragraph 74 of the Counterclaim.

75. Reliance has insufficient knowledge or information to form a belief about the

12

truth of the allegations of Paragraph 75 of the Counterclaim and therefore denies same.

76. Reliance denies the allegations of Paragraph 76 of the Counterclaim.

77. Reliance denies the allegations of Paragraph 77 of the Counterclaim.

**v.** **Reliance Breaches the Crown South Hill HMA at the Crowne Plaza Pittsburgh South in Pittsburgh, Pennsylvania**

78. Reliance denies the allegations of Paragraph 78 of the Counterclaim.

**C.** **The Owners Terminate the HMA's**

79. Answering the allegations of Paragraph 79 of the Counterclaim, Reliance admits only that 500 Mansfield and Crown South terminated the Green Tree HMA and the Crowne Plaza HMA, respectively. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 79 of the Counterclaim and therefore denies same.

80. Answering the allegations of paragraph 80 of the Counterclaim, Reliance admits only that 101 Mall and 383 South Center terminated the Monroeville HMA and the Windsor Locks HMA, respectively. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 80 of the Counterclaim and therefore denies same.

81. Answering the allegations of Paragraph 81 of the Counterclaim, Reliance admits only that it terminated the Waterfront HMA in or around February 2022 and denies the remaining allegations.

82. Reliance denies the allegations of Paragraph 82 of the Counterclaim.

83. Reliance denies the allegations of Paragraph 83 of the Counterclaim.

**FIRST CAUSE OF ACTION**
**(Breach of the 500 Mansfield HMA and Oral Agreement to Secure Liquor License, by 500 Mansfield Against Reliance)**

84. Reliance adopts and reasserts its answers to the allegations of Paragraphs 1 through 83 of the Counterclaim.

85. Answering the allegations of Paragraph 85 of the Counterclaim, Reliance admits only that the Green Tree HMA was an enforceable contract when it was executed.

13

Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 85 of the Counterclaim and therefore denies same.

86. Answering the allegations of Paragraph 86 of the Counterclaim, Reliance admits only that the Green Tree HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 86 of the Counterclaim and therefore denies same.

87. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 87 of the Counterclaim and therefore denies same.

88. Reliance denies the allegations of Paragraph 88 of the Counterclaim.

89. Answering the allegations of Paragraph 89 of the Counterclaim, Reliance admits only that it was asked to assist with obtaining a liquor license for the Green Tree Hotel. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 89 of the Counterclaim and therefore denies same.

90. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 90 of the Counterclaim and therefore denies same.

91. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 91 of the Counterclaim and therefore denies same.

92. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 92 of the Counterclaim and therefore denies same.

93. Reliance denies the allegations of Paragraph 93 of the Counterclaim.

94. Reliance denies the allegations of Paragraph 94 of the Counterclaim.

### SECOND CAUSE OF ACTION
**(Breach of the 101 Mall HMA, by 101 Mall Against Reliance)**

95. Reliance adopts and reasserts its answers to the allegations of Paragraphs 1 through 94 of the Counterclaim.

96. Answering the allegations of Paragraph 96 of the Counterclaim, Reliance admits only that the Monroeville HMA was an enforceable contract when it was executed.

14

Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 96 of the Counterclaim and therefore denies same.

97. Answering the allegations of Paragraph 97 of the Counterclaim, Reliance admits only that the Monroeville HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 97 of the Counterclaim and therefore denies same.

98. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 98 of the Counterclaim and therefore denies same.

99. Reliance denies the allegations of Paragraph 99 of the Counterclaim.

100. Reliance denies the allegations of Paragraph 100 of the Counterclaim.

### THIRD CAUSE OF ACTION
**(Breach of the 2930 Waterfront HMA, by 2930 Waterfront Against Reliance)**

101. Reliance adopts and reasserts its answers to the allegations of Paragraphs 1 through 100 of the Counterclaim.

102. Answering the allegations of Paragraph 102 of the Counterclaim, Reliance admits only that the Waterfront HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 102 of the Counterclaim and therefore denies same.

103. Answering the allegations of Paragraph 103 of the Counterclaim, Reliance admits only that the Waterfront HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 103 of the Counterclaim and therefore denies same.

104. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 104 of the Counterclaim and therefore denies same.

105. Reliance denies the allegations of Paragraph 105 of the Counterclaim.

106. Reliance denies the allegations of Paragraph 106 of the Counterclaim.

### FOURTH CAUSE OF ACTION
**(Breach of the 383 South Center HMA, by 383 South Center Against Reliance)**

107. Reliance adopts and reasserts its answers to the allegations of Paragraphs 1

15

through 106 of the Counterclaim.

108. Answering the allegations of Paragraph 108 of the Counterclaim, Reliance admits only that the Windsor Locks HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 108 of the Counterclaim and therefore denies same.

109. Answering the allegations of Paragraph 109 of the Counterclaim, Reliance admits only that the Windsor Locks HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 109 of the Counterclaim and therefore denies same.

110. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 110 of the Counterclaim and therefore denies same.

111. Reliance denies the allegations of Paragraph 111 of the Counterclaim.

112. Reliance denies the allegations of Paragraph 112 of the Counterclaim.

### FIFTH CAUSE OF ACTION
### (Breach of the Crown South Hill HMA, by Crown South Hill Against Reliance)

113. Reliance adopts and reasserts its answers to the allegations of Paragraphs 1 through 112 of the Counterclaim.

114. Answering the allegations of Paragraph 114 of the Counterclaim, Reliance admits only that the Crowne Plaza HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 114 of the Counterclaim and therefore denies same.

115. Answering the allegations of Paragraph 115 of the Counterclaim, Reliance admits only that the Crowne Plaza HMA was an enforceable contract when it was executed. Reliance has insufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 115 of the Counterclaim and therefore

16

denies same.

116. Reliance has insufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 116 of the Counterclaim and therefore denies same.

117. Reliance denies the allegations of Paragraph 117 of the Counterclaim.

118. Reliance denies the allegations of Paragraph 118 of the Counterclaim.

119. Reliance denies every allegation of the Counterclaim not expressly admitted.

### AFFIRMATIVE DEFENSES

1. For its affirmative defenses to all claims for relief, Reliance states the following:

2. Counterclaim Plaintiffs have failed to state a claim against Reliance upon which relief can be granted.

3. Counterclaim Plaintiffs may have proximately caused or proximately contributed to their alleged damages, which may be reduced in proportion to the degree of fault attributable to Counterclaim Plaintiffs, all in accordance with A.R.S. §§12-2505 *et seq*.

4. The damages alleged in the Counterclaim were proximately caused by the negligent or wrongful acts of others, or by subsequent intervening or superseding events or forces not controlled by or the responsibility of Reliance.

5. Counterclaim Plaintiffs are not entitled to recover non-financial damages for an economic loss allegedly arising out of Reliance's conduct, if any.

6. Counterclaim Plaintiffs' claims may be barred in whole or in part by applicable statutes of limitations.

7. Counterclaim Plaintiffs have no factual or legal basis for their claim for attorneys' fees, which is made without a good faith basis under Fed. R. Civ. P. 11, and Reliance is entitled to attorneys' fees under A.R.S. § 12-349 for having to defend against this unsupported claim.

8. Counterclaim Plaintiffs may have failed to mitigate their damages.

9. Counterclaim Plaintiffs cannot recover pre-judgment interest on their

17

unliquidated claims, if any.

10. On information and belief, Reliance asserts the affirmative defenses of assumption of risk, estoppel, failure of consideration, fraud, laches, statute of frauds, no damages, and waiver.

11. On information and belief, Counterclaim Plaintiffs' Counterclaim is barred by other equitable and legal principles, including but not limited to unclean hands/inequitable conduct, the election of remedies doctrine, offset, set-off, and recoupment.

12. Reliance reserves the right to amend this Answer to specifically plead any additional matters constituting an avoidance or affirmative defense as discovery may show to be applicable.

13. Additional facts may be revealed by future discovery in this action which would support affirmative defenses presently available but unknown to Reliance, who therefore alleges, as though set forth herein, all affirmative defenses in Rules 8(c) and 12(b), Federal Rules of Civil Procedure.

WHEREFORE, Reliance respectfully requests that this Court enter judgment in its favor against Defendants/Counterclaim-Plaintiffs on all their causes of action, that the Counterclaim be dismissed, that Reliance be awarded its attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 21st day of June, 2023.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/Lindsay G. Leavitt*
    Lindsay G. Leavitt
    Haley A. Harrigan
    Dina A. Aouad
    One East Washington Street, Suite 1900
    Phoenix, Arizona 85004-2554
    *Attorneys for Plaintiff and Counterclaim-Defendant Reliance Hospitality LLC, d/b/a Reliance Hotel Group*

18

## CERTIFICATE OF SERVICE

☒     I hereby certify that on June 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System with copies emailed to the following:

J. Henk Taylor
WARNER ANGLE & FORMANEK, PLC
2555 E. Camelback Road, Ste. 800
Phoenix, AZ 85016
*Attorneys for Defendants &*
*Counterclaim-Plaintiffs*
htaylor@warnerangle.com

Joshua Wurtzel (*Pro Hac Vice*)
Thomas Kissane (*Pro Hac Vice*)
John Moore (*Pro Hac Vice*)
SCHLAM STONE & DOLAN, LLP
26 Broadway, 19th Floor
New York, NY 10004
*Attorneys for Defendants & Counterclaim-*
*Plaintiffs*
jwurtzel@schlamstone.com
tkissane@schlamstone.com
jmoore@schlamstone.com

☐     I hereby certify that on_____, I served the attached document by electronic mail on the following, who are not registered participants of the CM/ECF System:

By: */s/ Rebecca C. Lewis*
    Rebecca C. Lewis

19

8907606v1(70681.5)