**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, | No. CV-23-00229-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| 2930 Waterfront Parkway IN LLC, et al., | |
| Defendants. | |

Plaintiff Reliance Hospitality LLC ("Plaintiff") has filed a Motion to Dismiss Defendants' 2930 Waterfront Parkway IN LLC, et al. ("Defendants") Counterclaim for Breach of Contract under Federal Rule of Civil Procedure 12(b)(6). (Doc. 23). After Plaintiff filed this Motion, the Court allowed Defendants to file a Second Amended Answer and add additional counterclaims (Doc. 37) and Defendants have done so. (Doc. 39). Defendants' counterclaim for breach has not changed, so the Court will review Plaintiff's Motion as it pertains to the Second Amended Answer and Counter Complaint—which is the operative pleading.

**I.   Background**

Plaintiff contracted with Defendants to operate their hotels under a "Hotel Management Agreement" ("HMA"). (Doc. 1 at ¶¶ 23–24). As part of this agreement, Plaintiff paid certain operating expenses, including employee payrolls, that were to be reimbursed by Defendants through a monthly fee. (*Id*. ¶¶ 25, 27). Plaintiff alleges that Defendants breached this contract by failing to adequately fund the hotels' operations—

such as payroll, employee benefits, and taxes. (*Id*. at ¶ 30). Plaintiff alleges that Defendants' failure to adequately fund the hotel's operations caused Plaintiff to "make out-of-pocket payments and incur liabilities exceeding $600,000.00." (*Id*. at ¶ 31).

Defendants filed an Answer to Plaintiff's Complaint and brought breach of contract counterclaims against Plaintiff. (Doc. 7 at ¶¶ 84–118). Thereafter, Defendants filed an Amended Answer, which added another cause of action for "Breach of Each of the HMAs Against Reliance, For Failure to Apply for Employee Retention Credits [("ERCs")], or, in the Alternative, By Applying for and Receiving Employee Retention Credits and Improperly Keeping the Money for Itself." (Doc. 20 at ¶¶ 117–121). In this claim, Defendants alternatively plead that Plaintiff applied for, and kept, the ERCs. (*Id*.) Defendants allege in their counterclaim for breach that:

> (1) Each of the HMAs is a valid and binding contract between the [Defendants] and [Plaintiff]; (2) The mutual exchange of promises in the HMAs were sufficient consideration; (3) The [Defendants] fully performed all of their material obligations under the HMAs; (4) [Plaintiff] failed to perform its material obligations under the HMAs . . . and (5) As a result of [Plaintiff's] material breach of the HMAs, the [Defendants] suffered damages in an amount to be determined at trial.

(*Id*.) The Court construes this as a claim for Breach of Contract.

The "material obligations" Defendants allege Plaintiff breached encompass Plaintiff's obligations under Section 1.2(a) of the HMAs to "direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner consistent with [Defendants] of a comparable size, class and level of service having similar facilities." (Doc. 20 at ¶ 22). Defendants aver that the HMAs required Plaintiff to apply for the ERCs during the Covid-19 pandemic because "it was common knowledge that companies could apply for [ERC] funds to act as a credit against the employer's share of payroll taxes." (*Id*. at ¶ 77). Defendants allege that the party responsible for payroll taxes, here, Plaintiff, was the party who was entitled to the ERCs, and that Plaintiff was required to, but did not apply for any ERCs. (*Id*. at ¶ 81). In the alternative, Defendants allege that Plaintiff did apply for and received the ERCs but kept these funds which belong to Defendants.

(*Id*. at 82).

Section 1.1 of the HMAs states that

> the [Plaintiff] shall (i) direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner consistent with hotels of a comparable size, class and level of service having similar facilities and (ii) determine and administer the programs and policies to be followed in connection therewith, all in accordance with the provisions of this Agreement, provided that all costs and expenses of performing these duties will be paid by [Defendant] as part of the Operating Expenses payable hereunder, and [Plaintiff] shall not be obligated to advance any of its own funds to perform these duties (if [Plaintiff] elects, in its sole discretion, to do so, then [Plaintiff] will be reimbursed for these advances as part of the Operating Expenses).

(Doc. 26-1 at 3).

Section 1.2 of the HMAs states that

> [Plaintiff] shall have complete discretion and control over all personnel matters at the Hotel, including, without limitation, decisions regarding hiring, promoting, transferring, compensating, supervising, terminating, directing and training all Hotel Personnel, and, generally, establishing, maintaining, and implementing the Personnel Employment Policies and all other policies relating to this employment.
>
> . . .
>
> [Defendant] shall be responsible for reimbursing the [Plaintiff], as part of the Operating Expenses, and shall deposit into the Operating Account as provided below, the salary, payroll taxes and fringe benefits under the Benefit Plans of all Hotel Personnel for the [Plaintiff].

(*Id*. at 5–6).

After amending their Answer once, Defendants sought leave to file a Second Amended Answer so that they may add various quasi-contract claims (Doc. 29), which the Court allowed in part. (Doc. 37). Now that Defendants have filed their Second Amended Answer, "Counterclaim VI" is now "Counterclaim V." (*Compare* Doc. 39 *with* Doc. 20). Their allegations set forth for breach of the HMAs have not changed, however.[1] (*Id*.) The

---

[1] Defendants' Claim V for Breach of the HMAs contained in its Second Amended Answer, and the facts supporting it, are substantially identical to the First Amended Answer. In fact, Defendants' breach claim makes the exact same substantive allegations and relies on the same facts. (*Compare* Doc. 20 *with* Doc. 39). So, the Court will consider Plaintiff's

- 3 -

Court will now review whether Defendants have stated a cognizable claim for breach of contract in Count V of the Second Amended Answer.

## II. Legal Standard

A motion to dismiss a counterclaim brought under Rule 12(b)(6) is evaluated "under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015) (citation omitted). A motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), requires that this Court evaluate the legal sufficiency of a counterclaimant's claims. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The test requires that the counterclaimant present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" with "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the counterclaimant. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir.

---

Motion as being addressed to Defendants' Second Amended Answer and Counterclaim. *See Zimmerman v. PeaceHealth*, 2023 WL 7413650, at *3 (W.D. Wash. Nov. 9, 2023) ("Where the new pleading contains some of the same defects raised in the original motion, 'the court simply may consider the motion as being addressed to the amended pleading.' ") (citing *Oliver v. Alcoa, Inc.*, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016)).

1  2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. If
2  the court dismisses a claim for failure to state a claim, it must then determine whether to
3  grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir.
4  2010).

5        The court ordinarily may not consider evidence outside the pleadings in ruling on a
6  Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.
7  2003). "A court may, however, consider certain materials—documents attached to the
8  complaint, documents incorporated by reference in the complaint, or matters of judicial
9  notice—without converting the motion to dismiss into a motion for summary judgment."
10 *Id.* at 908. A document is considered incorporated by reference into a complaint "if the
11 plaintiff refers extensively to the document or the document forms the basis of the
12 plaintiff's claims." *Id.*

13 **III.  Discussion**

14       Plaintiff argues that Defendants' Counterclaim V for breach (the "breach
15 counterclaim") is a "meritless attempt by [Defendants] to claim tax refunds that they are
16 not eligible to apply for themselves, and that they have no contractual right to receive from
17 [Plaintiff]." (Doc. 23 at 7). Defendants argue that their counterclaim is properly alleged
18 because "the ERC program only gives refunds to employers who paid employees" and
19 Plaintiff did not actually pay the employees—Defendants did. (Doc. 26 at 12). Defendants
20 also argue that, if Plaintiff did apply for and receive any ERCs, it was required to disburse
21 these credits to Defendants. (Doc. 26 at 17). Plaintiff argues in its Reply that the HMAs
22 do not require it to apply for, or distribute, any tax refunds to Defendants; and that, even if
23 it did, the HMAs were entered into before the pandemic, so, any requirements regarding
24 the ERCs were never part of the contracts. (Doc. 31 at 5–7). The Court finds that
25 Defendants have not stated a plausible claim for relief because the parties did not mutually
26 assent to terms that required Plaintiff to apply for tax credits.

27       The HMAs are governed by Arizona state law. (Doc. 26-1 at 17 ("This agreement
28 shall be governed by, construed and enforced in accordance with the laws of the State of

Arizona.")). To state a cognizable claim for breach of contract under Arizona law, a plaintiff must allege that "(1) a contract existed, (2) it was breached, and (3) the breach resulted in damages." *Riverwalk Condo. Unit Owners Ass'n v. Travelers Indem. Co.*, 2018 WL 3774084, at *2 (D. Ariz. June 28, 2018) (citing *Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 140 (Ariz. Ct. App. 2014)). An enforceable contract requires "an offer, acceptance, consideration, a sufficiently specific statement of the parties' obligations, and mutual assent." *Buckholtz v. Buckholtz*, 435 P.3d 1032, 1035 (Ariz. Ct. App. 2019) (citation omitted).

"[B]efore a binding contract is formed, the parties must mutually consent to **all** material terms. A distinct intent common to both parties must exist without doubt or difference, and until all understand alike there can be no assent." *Id*. (citing *Hill-Shafer P'ship v. Chilson Family Tr.*, 799 P.2d 810, 814 (Ariz. 1990)). "Mutual assent is based on objective evidence, not on the hidden intent of the parties, and objective evidence includes both written and spoken words, as well as acts." *Id*. (citing *Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 132 P.3d 825, 828 (Ariz. 2006)).

Further, if a contract is ambiguous, it presents a question of fact inappropriate for resolution on a motion to dismiss. *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1118 (9th Cir. 2018). "Whether language in a contract is ambiguous is a question of law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (citation omitted).

Here, the parties dispute whether Section 1.2(a) of the HMAs required Plaintiff to apply for and distribute the ERCs available to it during the pandemic. (Docs. 23 at 6; 26 at 16). Plaintiff argues that the HMAs do not require it to apply for or turn over tax refunds—specifically, a tax credit that became available after the HMAs were entered. (Doc. 31 at 67). Indeed, the HMAs do not provide for a provision on tax credits at all, much less the ERCs available during the pandemic. Section 1.2(a) provides, "[Defendants] shall be responsible for reimbursing [Plaintiff], as part of the Operating Expenses, and shall deposit into the Operating Account . . . the salary, payroll taxes and fringe benefits" for all hotel employees. (Doc. 26-1 at 6). The HMAs also provide that:

>All Taxes accruing during the term of this Agreement shall be paid by [Defendant] or by [Plaintiff], upon [Defendant]'s request and on [Defendant]'s behalf, from the Operating Funds or other funds provided by [Defendant] . . . If [Defendant] fails to timely pay any Taxes, [Plaintiff] may, but is not obligated to, pay such Taxes on [Defendant]'s behalf from any available funds in the Operating Account, following which [Defendant] shall immediately replenish the Operating Account in the amount of the Taxes paid by [Plaintiff]. ***[Plaintiff]'s responsibilities specifically exclude the preparation or filing of returns for or contesting of Taxes unless requested by [Defendant] in writing***.

(*Id*. at 14–15) (emphasis added).

The HMAs do not affirmatively obligate Plaintiff to file for taxes—yet alone tax credits. *Rogus*, 804 P.2d at 135. The HMAs specifically state that Defendants must request, in writing, that Plaintiff file a return or contest taxes. (Doc. 26-1 at 15). The HMAs are silent on any applicability of tax credits, not just the ERCs in dispute. (*See id*.) The HMAs also relieve Plaintiff from having to pay taxes. (*Id*. ("If [Defendant] fails to timely pay any Taxes, [Plaintiff] *may*, but *is not obligated* to, pay such Taxes.") (emphasis added)). According to the HMAs, Defendants are the party responsible for filing and paying taxes and the Court cannot "force upon [the] parties contractual obligations, terms or conditions which they have not voluntarily assumed." *Goodman v. Newzona Inv. Co*., 421 P.2d 318, 322 (Ariz. 1966). Thus, Defendants' counterclaim for breach of the HMAs fails as a matter of law and the Court must dismiss this claim.

## IV.   Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to

amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986).  In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court will not grant Plaintiff leave to amend because an amendment would be futile since the breach Defendants complain of was never agreed to in the HMAs. *See Carrico*, 656 F.3d at 1008.

Accordingly,

Plaintiff's Motion to Dismiss Defendants' Counterclaim for Breach of the HMAs (Doc. 23) is **GRANTED**.  Defendants' Counterclaim V for breach of the HMAs contained in its Second Amended Answer (Doc. 39) is **DISMISSED with prejudice**.

Dated this 16th day of September, 2024.

Honorable Diane J. Humetewa
United States District Judge