**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reliance Hospitality LLC, | No. CV-23-00229-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| 2930 Waterfront Parkway IN LLC, et al., | |
| Defendants. | |

Before the Court is Counter-Defendant Reliance Hospitality, LLC's Motion to Dismiss Counterclaims (Doc. 67), filed on March 28, 2025. Counterclaimants have not responded. On October 24, 2025, the Court ordered Counterclaimants to respond to Plaintiff/Counter-Defendant Reliance Hospitality, LLC's ("Plaintiff") Motion to Dismiss or otherwise show cause why the Motion should not be granted within seven days of the Order. (Doc. 71). The Court specifically warned that "If Counterclaimants fail to respond, Plaintiff's Motion will be summarily granted and the counterclaims asserted against Reliance will be dismissed." (*Id*. at 2). Counterclaimants have not responded.

Federal Rule of Civil Procedure 41(b) provides that the failure of a party to prosecute their claim is grounds for involuntary dismissal of the action. *Id*. "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In determining whether Counterclaimants' failure to prosecute or failure to comply with court orders warrants dismissal of the case, the Court

must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first factor "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal. *See Ferdik*, 963 F.2d at 1261. Counterclaimants' failure to respond or notify the Court whether it intends to pursue its claims prevents the case from proceeding in the foreseeable future. The third factor also weighs in favor of dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant . . ." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted). Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, the Court notes that Counterclaimants have been given every opportunity to prosecute their claims on the merits, e.g., to file a dispositive motion, to respond to a motion for summary judgment, to respond to the motion to dismiss. Counterclaimants have ignored these opportunities. The final factor requires the Court to consider the availability of less drastic sanctions. But the Court need not exhaust every sanction short of dismissal before finally dismissing a case. *See Henderson*, 779 F.2d at 1424. Reliance seeks dismissal with prejudice and Counterclaimants have failed to respond. In sum, the five-factor analysis favors dismissal with prejudice. Counterclaimants' claims shall be dismissed for failure to prosecute.

Accordingly,

/ / /

/ / /

/ / /

/ / /

1    **IT IS ORDERED granting** Counter-Defendant Reliance Hospitality, LLC's
2 Motion to Dismiss Counterclaims (Doc. 67).  Counterclaimants' claims against Reliance
3 (Doc. 20) are **dismissed with prejudice** for failure to prosecute.
4    Dated this 4th day of November, 2025.

*[signature]*

Honorable Diane J. Humetewa
United States District Judge